## PEDESTRIAN IN CROSSING A HIGHWAY NEED NOT STOP, LOOK AND LISTEN.

Circuit Court of Cuyahoga County.

JAMES J. PETRO v. MARY MIHALEK.

Decided, December 22, 1905.

*Highways—Negligence—No Duty of Pedestrian to Stop, Look and Listen for Vehicles.*

There is no duty on the part of a pedestrian to stop, look and listen for vehicles before crossing a highway.

*W. H. Schwartz* and *Hart, Canfield & Croke*, for plaintiff in error.

*E. Waite* and *A. Green*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This was a personal injury damage case in which defendant in error recovered judgment in the common pleas court against plaintiff in error.

It seems that as Mary Mihalek was crossing Holton street, in the city of Cleveland, she made use of the planking put down by the Cleveland & Pittsburgh Railroad Company at its crossing over said street. She was run down and struck from the rear by a spirited horse hitched to a wagon, both owned by plaintiff in error, and alleged to have been driven in a careless negligent manner by his servant.

Certain special findings, submitted by defendant below, with their answers, are as follows:

"Did the plaintiff upon approaching the crossing carefully look up and down the street? Answer. Yes.

"Did the plaintiff cross the street in a diagonal direction? Answer. Yes.

"Did the plaintiff change her course while crossing the street and go toward the horse and wagon driven by John Petro, the agent of defendant? Answer. No."

The case is here on petition in error with a bill of exceptions giving all the evidence.

The errors claimed are:

*First.* That the court erred in overruling defendant's motion made at the close of plaintiff's testimony, to direct a verdict for the defendant.

As the defendant did not stand upon this motion, but went forward and introduced evidence in his defense, we shall consider this claim of error in connection with the second claim, which is as follows:

*Second.* That the verdict was against the evidence.

The claim is based upon alleged contributory negligence of plaintiff. It is negatived by the special findings of the jury. We have carefully read all the evidence and are not disposed to say that said special findings, or the verdict, is against the weight of the evidence or unsupported by sufficient evidence. That the driver of the wagon was clearly negligent is shown by his own testimony appearing on page 48 of the record.

*Third.* It is urged that the court erred in charging the jury that the burden was upon the defendant to show that plaintiff's injuries resulted from her own negligence which proximately contributed thereto. This is the general rule and we see no error in charging it. The authorities cited by plaintiff in error in support of his contention go only to the extent that where the plaintiff's own evidence in support of her cause raises a presumption of contributory negligence on her part, the burden rests upon her to remove the presumption. There was no such presumption raised by plaintiff's evidence in this case, and the court's charge on this subject was therefore applicable and sound.

*Fourth.* It is claimed that the court erred in not giving certain of defendant's requests to charge.

Such of them as embodied the law of the case were fully covered by the charge as given. The first, second and fourth requests were properly refused, as they do not correctly state the law; they declare that it is the duty of a pedestrian to look carefully up and down the street before crossing it so as not to put

himself in the way of approaching vehicles, and to look, listen and watch, practically the care required of one crossing a railroad track.

Pedestrians have equal rights with those driving, in all parts of the street; it is the duty of pedestrians in the roadway to exercise reasonable care to avoid danger from passing vehicles. *Elliolt on Roads and Streets,* Sections 834 and 835.

The requests called for a higher degree of care than that exercised by ordinarily prudent persons under similar circumstances and were therefore properly refused.

The fourth request embodied defendant's claim as to the burden of proof of contributory negligence, considered in connection with the charge as given, and for the reason there stated, was not applicable to the case.

Finding no error in the record, the judgment is affirmed.